CUYAHOGA MORTGAGE CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13783.   Promulgated November 6, 1928.

*Briggs G. Simpich, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

MARQUETTE : The point in controversy here is whether the petitioner may, for taxation purposes for the year 1920 and 1921, include as part of its invested capital any portion of the common stock issued to Laronge in 1916 upon his agreement to furnish mortgage-loan busi-- ness to the petitioner.

The statute governing, the Revenue Act of 1918, is as follows:

SEC. 325. (a) That as used in this title—

The term " intangible property " means patents, copyrights, secret processes and formulae, good will, trade-marks, trade-brands, franchises, and other like property ;

    \*       \*       \*       \*       \*       \*       \*

SEC. 326. (a) That as used in this title the term " invested capital " for any year means  \*  \*  \* :

    \*       \*       \*       \*       \*       \*       \*

(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest.

    \*       \*       \*       \*       \*       \*       \*

The corresponding sections in the Act of 1921 are identical with the above.

The respondent has determined that the contract or agreement of Laronge, as to turning over business to the petitioner, had no ascertainable value at the beginning of petitioner's corporate life, at which time the stock now sought to be capitalized was issued. The petitioner maintains that it did have a value, although admitting that the value was speculative.

In order to sustain its burden of proof, the petitioner shows the aggregate amount of its net earnings for 11½ years subsequent to the issue of the stock; shows that practically all of the business, from which such earnings were derived, was furnished by or through Laronge; and argues that, because it is impossible to base any calculations upon such business for years prior to the petitioner's incorporation, we should use the subsequent years' business as a basis for fixing the value of Laronge's contract. In support of this argument the petitioner cites several decisions of this Board and also the case of *Kentucky Tobacco Products Co.* v. *Lucas*, 5 Fed. (2d) 723. A review of these decisions is not here necessary. Each of them is clearly distinguishable upon the facts, from the one now before us; and we think they are insufficient to support the petitioner's contention. The cases relied upon do state the Board's

decision that subsequent earnings may, under proper circumstances, corroborate a prior valuation of a contract or other intangible; but, as was said in *William H. Jackson Co.*, 2 B. T. A. 411, "While earnings subsequent to organization may sometimes constitute corroborative evidence lending support to an appraisal made by reference to facts known or reasonable expectations entertained contemporaneously with or prior to organization, they can not, of themselves, prove value at the time of organization."

In the present proceeding, none of the petitioner's witnesses were willing to state even an estimated value of the contract in question, as of the date of organization. That value is determined, and determinable, solely in the light of subsequent earnings which, while doubtless corroborative of expectations, certainly can not be used now to fix a value as of 12 years ago of something admittedly speculative.

As the evidence discloses no error in the determination of the respondent, we shall enter

*Judgment for the respondent.*